Maurice **SINGER** and Rawle Garnett

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Civ. A. No. 91–5227.

United States District Court,
E.D. Pennsylvania.

Feb. 20, 1992.

Herbert Monheit, Jill C. Katz, Law Office of Herbert Monheit, Philadelphia, Pa., for plaintiffs.

Teresa Ficken Sachs, Lori A. Mills, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

MEMORANDUM

WALDMAN, District Judge.

I. BACKGROUND

Plaintiff Rawle Garnett filed this action in the Philadelphia Court of Common Pleas, alleging causes of action pursuant to Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.Cons.Stat. Ann. § 1701, *et seq.* Defendant timely removed the action to this court based upon diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff then filed an Amended Complaint which added Dr. Maurice Singer as a plaintiff.[1] Presently before the court is defendant's Motion to Dismiss the Amended Complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim.

1. The Amended Complaint appears to be a response to defendant's Motion to Dismiss and For A More Definite Statement. Defendant has now filed a Motion to Dismiss the Amended Complaint. Both motions are pending before the court.

## II. DISCUSSION

 Although plaintiffs did not file a motion to remand, the court has an obligation to examine whether or not it has subject matter jurisdiction. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Wright & Miller § 3739 at 573 ("[A] district court is required to notice and determine the nonexistence of federal question or diversity of citizenship jurisdiction in a removed case on its own motion when not raised by one of the parties").

 Defendant removed this case to federal court based on the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). It appears that there is complete diversity of citizenship between the plaintiffs and the defendant.[2] It appears, however, that the amount in controversy requirement has not been satisfied.

Plaintiff's original complaint asserted a claim pursuant to the MVFRL to recover allegedly unpaid benefits in an amount not to exceed $25,000 and punitive damages pursuant to 42 Pa.Cons.Stat.Ann. § 8371. In response to defendant's Motion For A More Definite Statement concerning the benefits allegedly due, plaintiff filed an amended complaint. This amended complaint asserts unpaid medical bills for $5,334.43 and punitive damages pursuant to § 8371.

 The test for determining whether the requisite jurisdictional amount has been satisfied is the so-called "legal certainty test." Unless it appears to a legal certainty that plaintiff's claim is for less than the jurisdictional amount, the amount in controversy requirement will be deemed satisfied. *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Jaconski v. Avisun Corp.*, 359 F.2d 931 (3d Cir.1966).

 In determining whether the requisite jurisdictional amount is satisfied, the court must consider claims for both actual and punitive damages. *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). The court, however, is not required to accept a claim for punitive damages. Rather, the court must determine whether the complaint sets forth a valid claim for punitive damages, *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C.Cir.1982), and "where it is clear to a legal certainty that the relief sought is unavailable, the amount attributed to it may not be considered in computing the jurisdictional amount." *Gray v. Occidental Life Ins. Co.*, 387 F.2d 935, 936 (3d Cir.), *cert. denied*, 391 U.S. 926, 88 S.Ct. 1825, 20 L.Ed.2d 665 (1968).

Plaintiffs have asserted a claim under a recently enacted state statute allowing punitive damages for bad faith conduct in actions brought on insurance policies. *See* 42 Pa.Cons.Stat.Ann. § 8371 (Purdon Supp. 1991). Several courts have noted the inconsistency between § 8371 and the new Act 6 amendments to MVFRL, and concluded that § 8371 cannot be applied to claims alleging denial of first party benefits by an insurer in violation of § 1797. *See, e.g., Livecchi v. Prudential Property and Casualty Ins. Co.*, No. 91-3712, 1992 WL 22233 (E.D.Pa. Feb. 4, 1992); *Williams v. State Farm Mut. Auto. Ins. Co.*, 763 F.Supp. 121, 127 (E.D.Pa.1991); *Danton v. State Farm Mut. Auto. Ins. Co.*, 1991 WL 52794, *4 (E.D.Pa. April 4, 1991) ("[T]he legislature intended for the MVFRL Act 6 Amendments to provide the exclusive first party remedy for bad faith denials by insurance companies in regard to medical bills for automobile accident injuries").

In *Carson v. ITT Hartford Ins. Group*, 1991 WL 147469 (E.D.Pa.1991), this court remanded plaintiff's claims for recovery of first-party benefits where plaintiff had alleged that the amount in controversy was satisfied by a claim for punitive damages pursuant to § 8371. After discussing the detailed procedures established by the Act 6 Amendments, the court concluded that "in claims for first-party benefits under the

---

**2.** Defendant is Illinois corporation whose principal place of business is Illinois. Plaintiffs are both residents of Pennsylvania.

MVFRL, the detailed procedures and remedies set forth in sections 1797 and 1798 are controlling." *Id.* at *2.

Moreover, as in *Carson*, even if plaintiff could assert a claim under § 8371, the facts alleged could not support a punitive damage award sufficient to close the jurisdictional gap. In determining the jurisdictional amount, "a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Zahn v. International Paper Co.*, 469 F.2d 1033, 1034 n. 1 (2d Cir.1972), *aff'd*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1974). Pennsylvania has adopted the rule on punitive damages set forth in section 908 of the Restatement of Torts. *Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58 (1989); *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355, 344 (1963).[3]

That punitive damages may be available under a particular statute is not sufficient. Where the facts alleged would not support a punitive damages claim, courts have declined to include the amount requested in the jurisdictional determination. *See Gray v. Occidental Life Ins. Co.*, 387 F.2d 935, 936 (3d Cir.), *cert. denied*, 391 U.S. 926, 88 S.Ct. 1825, 20 L.Ed.2d 665 (1968); *Stephens v. Melson*, 426 F.Supp. 1022, 1024 (D.Del. 1977) (simple assertion of bad faith and demand for exemplary damages insufficient to establish jurisdictional amount). The same is true where on the facts alleged a punitive damage award sufficient to establish jurisdiction could not be sustained. *See Algee v. McNeilab, Inc.*, No. 84–4347 (E.D.Pa. April 10, 1985).

The claim allegedly rejected by defendant in bad faith was for $5,334.43. Plaintiffs allege only that a timely claim was submitted to defendant; that defendant "in bad faith" refused to pay it; that defendant sought review by a PRO which has a financial interest in providing its evaluation; and that defendant acted in "bad faith" by requiring payment of a fee prior to reconsideration by the PRO. Even assuming that § 8371 was applicable, it is inconceivable on such allegations that

plaintiffs could sustain a punitive damage award of almost $45,000, necessary to bridge the jurisdictional gap.

Accordingly, plaintiffs' claims fail to satisfy the amount in controversy requirement to establish diversity jurisdiction. Because the court does not have subject matter jurisdiction, the case will be remanded to the Court of Common Pleas for Philadelphia.

---

**3.** Section 908 provides that punitive damages may be awarded against a person to punish him for outrageous conduct and to deter him and others from similar conduct in the future.