## BELL *v.* PREFERRED LIFE ASSURANCE SOCIETY ET AL.

No. 17. Argued October 12, 13, 1943.—Decided November 8, 1943.

*Messrs. R. K. Wise* and *Warren E. Miller* for petitioner.

*Mr. Richard T. Rives,* with whom *Mr. A. F. Whiting* was on the brief, for respondents.

Mr. Justice Black delivered the opinion of the Court.

The question here is whether petitioner's complaint was properly dismissed on the ground that the matter in controversy did not really and substantially exceed $3,000 as required by §§ 24 and 37 of the Judicial Code.[1]

Filed in the federal court for the Middle District of Alabama, petitioner's complaint alleged that he had been induced to purchase an insurance certificate through fraudulent misrepresentations of respondents' agent bear-

---

[1] 36 Stat. 1091, 1098; U. S. C. Tit. 28, §§ 41, 80. The complaint alleged diversity of citizenship as the basis for federal jurisdiction.

ing upon its actual value, and claimed $200,000 as actual and punitive damages.[2] The record shows that at the time of the dismissal petitioner had paid only $202.35 on his certificate, and that its maximum potential value was only $1,000. From this the District Court declared that it was "apparent to a legal certainty," *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U. S. 283, 289, that petitioner could in no event be entitled to more than $1,000, and therefore concluded that the requisite $3,000 was not really and substantially involved. The Circuit Court of Appeals affirmed,[3] holding that the claim of $200,000 damages was "entirely colorable for the purpose of conferring jurisdiction" since it was "legally inconceivable" that petitioner's allegations could justify an award in excess of the value of his $1,000 certificate.

Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.[4] Therefore even though the petitioner is limited to actual damages of $1,000, as both courts held, the question remains whether it is apparent to a legal certainty from the complaint that he could not recover, in addition, sufficient punitive damages to make up the requisite $3,000. If the controlling law is that of South Carolina, where the

---

[2] The complaint further alleged official misconduct on the part of certain officers of respondent society, and joined them as separate defendants. Petitioner contends that these allegations with the accompanying prayers for relief are sufficient in themselves to establish that the matter in dispute exceeds $3,000, on any of three theories: A class action under Rule 23 of the Federal Rules of Civil Procedure; a derivative action against the officers for the benefit of the society; or an original action to reorganize a mutual insurance society properly brought by a member. As our decision indicates, we find it unnecessary to pass upon these contentions.

[3] 131 F. 2d 516.

[4] *Barry* v. *Edmunds*, 116 U. S. 550, 560; *Scott* v. *Donald*, 165 U. S. 58, 89, 90.

alleged fraudulent misrepresentations are said to have occurred, petitioner clearly might recover an award exceeding $3,000.[5]   Respondents urge however that the law of Alabama, where the insurance certificate was issued and mailed, must control.   We need not pass upon this question for we are satisfied that under the law of Alabama as well as that of South Carolina petitioner's allegations of fraud if properly proved might justify an award exceeding $3,000.

Respondents assert that petitioner's complaint does not allege that type of "gross fraud" essential for an award of punitive damages under Alabama law.   The Supreme Court of Alabama has declared that in an action for deceit "gross fraud" which will support punitive damages may be defined as "representations made with a knowledge of their falseness (or so recklessly made as to amount to the same thing), and with the purpose of injuring the plaintiff."   *Southern Building & Loan Assn.* v. *Dinsmore,* 225 Ala. 550, 552, 144 So. 21, 23.   In the instant case the complaint alleges that the fraudulent representations "were false, and were known to be false when made and uttered with a reckless disregard for the truth"; that petitioner "relied upon them, and had a right to rely upon them"; and that he "would not have applied for such certificate except for such false representations."   Plainly, then, this complaint alleges the equivalent of "gross fraud" as those words are defined by the Alabama courts.[6]   And, even if

---

[5] Respondents did not seriously contend otherwise, and the South Carolina cases cited to us apparently foreclosed such a contention: *Eaddy* v. *Greensboro-Fayetteville Bus Lines,* 191 S. C. 538, 5 S. E. 2d 281; *Cook* v. *Metropolitan Life Ins. Co.,* 186 S. C. 77, 194 S. E. 636; *Crosby* v. *Metropolitan Life Ins. Co.,* 167 S. C. 255, 166 S. E. 266.   In this latter case it appears that punitive damages of $1,211.70 were allowed although the actual damages were only $11.70.

[6] Had petitioner's complaint been filed in a state court in Alabama, it would have supported a verdict and judgment for punitive damages.   The Alabama Supreme Court holds that, "It is not necessary

the fraud were not formally alleged to be "gross," a complaint filed in a federal court should not be dismissed for want of jurisdiction because of a mere technical defect such as would make it subject to a special motion to clarify. See *Sparks* v. *England,* 113 F. 2d 579; cf. *Chicago, R. I. & P. Ry. Co.* v. *Schwyhart,* 227 U. S. 184, 194.

Respondents also maintain that, even if it would warrant some punitive damages, the complaint could not under Alabama law warrant enough to support a judgment of $3,000. It is true as respondents point out that the Alabama Supreme Court has said that the amount of punitive damages "ought . . . to bear proportion to the actual damages sustained," *Mobile & Montgomery R. Co.* v. *Ashcraft,* 48 Ala. 15, 33; and that, while such damages "must rest in large measure within the discretion of the jury," this is not an "unbridled discretion." *Alabama Water Service Co.* v. *Harris,* 221 Ala. 516, 519, 129 So. 5, 7. But neither in these cases, nor in any others cited to us, has that court held that punitive and actual damages must bear a definite mathematical relationship.[7] That there is no such legal formula seems apparent from the rule relied upon by respondents as the correct Alabama rule regarding the measure of punitive damages, namely, that "The nature of the case should be considered, the character and extent of injury likely to result from disregard

to claim punitive damages specially, for they are not special damages. It is not necessary to allege the matter of aggravation which justifies their recovery." *Fidelity-Phenix Fire Ins. Co.* v. *Murphy,* 226 Ala. 226, 232, 146 So. 387.

[7] In *U. S. Fidelity & Guaranty Co.* v. *Millonas,* 206 Ala. 147, 154, 89 So. 732, the court permitted an award of $6,000 after finding that the actual damage suffered could in no event exceed $1,000. And in *Alabama Great Southern R. Co.* v. *Sellers,* 93 Ala. 9, 9 So. 375, where the jury returned a verdict of $500, it was held that the trial court did not err in refusing to charge that punitive damages could not be imposed if the plaintiff suffered only nominal actual damage.

of duty, and all the attendant circumstances." *Alabama Water Service Co.* v. *Harris, supra,* 519. In the *Harris* case the court further emphasized the wide scope of allowable punitive damages by saying that a jury's award is not to be disturbed if, "allowing all presumptions in favor of" it, the court is not "clearly convinced it is so excessive as to demand the interposition of this court." *Ibid.* Considering these general principles of Alabama law, we are unable to say that under petitioner's complaint evidence could not be introduced at a trial justifying a jury verdict for actual and punitive damages exceeding $3,000. Nor can this controversy as to jurisdictional amount be decided on the assumption "that a verdict, if rendered for that amount, would be excessive and set aside for that reason— a statement which could not, at any rate, be judicially made before such a verdict was in fact rendered." *Barry* v. *Edmunds, supra,* 565.

The judgment of dismissal is reversed and the cause remanded to the District Court for further proceedings.

*Reversed.*