**McGHAN et al. v. F. C. HAYER CO. et al.**
Civil Action No. 2973.

United States District Court
D. Minnesota, Fourth Division.
May 25, 1949.

Joseph H. Colman, Charles F. Noonan, and J. E. Hanthorn (Dorsey, Colman, Barker, Scott & Barber), Minneapolis, Minn., for defendant Capitol Records, Inc., in support of said motion.

Lee Loevinger (Larson, Loevinger, Lindquist & Freeman), Minneapolis, Minn., for plaintiffs, in opposition thereto.

NORDBYE, Chief Judge.

This action arises out of alleged antitrust law violations. 15 U.S.C.A. § 1 et seq. Plaintiffs seek damages and an injunction. Defendant Capitol Records, Inc., has moved for a dismissal as to itself, alleging (1) wrong venue and (2) lack of proper service. The second part of the motion was abandoned at the hearing of the motion, however, so the venue question is the only issue now before the Court. Section 15 of 15 U.S.C.A. provides that any person who has been injured by violations of the antitrust laws may sue for such injuries " * * * in any district court of the United States in the district in which the defendant resides or is found

or has an agent, without respect to the amount in controversy, * * *."

The parties hereto use the term "venue" and "jurisdiction" interchangeably at times, but the basic question nevertheless is one of jursdiction. That is, the Court has jurisdiction of the person of defendant Capitol Records, Inc., if venue under Section 15 of 15 U.S.C.A. can be established in this district. Otherwise, the service on the moving defendant in California does not vest this Court with jurisdiction.

The defendant offers the affidavit of its president in support of the motion. The parts of it particularly relevant to this question declare:

"(3) That Capitol Records, Inc. is a corporation organized and existing under the laws of the State of California and is an inhabitant thereof, with its principal office and place of business at Los Angeles, California; that Capitol Records, Inc. has no agents in the State of Minnesota; that Capitol Records, Inc. is not transacting business in the State of Minnesota, nor has it appointed an agent for the service of process in the State of Minnesota.

"(4) That Capitol Records Distributing Corp. is not an agent of Capitol Records, Inc., but a separate entity operating and doing business under the management and supervision of its own officers and directors."

Plaintiffs oppose the motion upon the ground that "a bald denial by affidavit of an essential allegation of the complaint" cannot be the basis for a dismissal by motion. The complaint alleges that defendant Capitol Records, Inc., distributes records in Minnesota through its agent, Capitol Records Distributing Corporation. Whether the agency necessary to jurisdiction in this Court exists, plaintiffs contend, must await trial and determination of the case on its merits.

■ Obviously, defendant's affidavit in support of the motion does not allege facts. It alleges conclusions. For whether the defendant is transacting business in Minnesota, is found in Minnesota, or is an inhabitant or has an agent in Minnesota are conclusions which are based upon the factual situation interpreted in light of the statutes and decisions. It is fundamental that this Court should not dismiss an action unless it is clear and certain that this Court can award no relief. This is true whether the basis for dismissal is one of jurisdiction, Bell v. Preferred Life Assur. Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15, or whether the complaint fails to state a substantive claim for which relief can be granted. Dennis v. Village of Tonka Bay, 8 Cir., 1945, 151 F.2d 411. The same policy and reasoning justifies the same conclusion with respect to venue. Conclusions cannot create the certainty required with respect to a factual question. They state the result which is in question, not the premise which justifies the result.

■■ Although, as defendant contends, the burden of sustaining jurisdiction and venue rests upon plaintiffs, they are only obligated to plead in the complaint ultimate facts which sufficiently allege venue so as to sustain the Court's jurisdiction. Reasonable time should be afforded them in which to sustain the burden of establishing jurisdiction if it is challenged. Interrogatories and other discovery proceedings may be used by plaintiffs after filing their complaint for the purpose of obtaining facts which will sustain the burden imposed upon them when an appropriate hearing on the question of jurisdiction is held.

■ Undoubtedly, there are instances when jurisdiction or venue is challenged and when defendant can raise the issue of jurisdiction or venue preliminarily by affidavits or evidence, and in absence of supporting proof by the plaintiff of its jurisdictional allegations, the Courts should dismiss. This was the procedure followed in Lechler Laboratories v. Duart Mfg. Co., D.C.S.D.N.Y.1940, 35 F.Supp. 839, and Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C.S.D.N.Y.1946, 70 F.Supp. 77. In these cases the court granted a motion to dismiss prior to trial for lack of jurisdiction or venue. And this Court followed similar procedure with reference to a jurisdictional question, although the motion to dismiss was even-

542

tually denied, in Marlow v. Hinman Milking Machine Co., D.C.Minn.1947, 7 F.R.D. 751. In the Hinman case, the Court heard evidence on the jurisdiction question only, and then determined if it possessed jurisdiction. It must be recognized, therefore, that it is often expedient and desirable to determine the question of jurisdiction before the case is heard on its merits. Expense and wasted effort can be avoided if the parties can determine as early as possible whether or not the Court has jurisdiction to try a long and involved proceeding. But there are cases in which it is not possible to dispose of the issue of jurisdiction on affidavits. The question may be dependent on a determination of the merits of the proceeding. Land' v. Dollar, 1947, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209. Footnote 4 on page 735 of 330 U.S. on page 1011 of 67 S.Ct., of Land v. Dollar reads as follows:

"In passing on a motion to dismiss because the complaint fails to state a cause of action, the facts set forth in the complaint are assumed to be true and affidavits and other evidence produced on application for a preliminary injunction may not be considered. Polk Co. v. Glover, 305 U.S. 5, 9, 59 S.Ct. 15, 16, 83 L.Ed. 6; Gibbs v. Buck, 307 U.S. 66, 76, 59 S.Ct. 725, 731, 83 L.Ed. 1111. But when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, Judicial Code, § 37, 28 U.S.C. § 80, 28 U.S.C.A. § 80; Federal Rules Civil Procedure, rule 12(b), 28 U.S.C.A. * * * the court may inquire, by affidavits or otherwise, into the facts as they exist. Wetmore v. Rymer, 169 U.S. 115, 120–121, 18 S.Ct. 293, 295, 42 L.Ed. 682; McNutt v. General Motors Corp., 298 U.S. 178, 184 et seq., 56 S.Ct. 780, 783, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 201, 81 L.Ed. 183. As stated in Gibbs v. Buck, supra, 307 U.S. at pages 71, 72, 59 S.Ct. at page 729, 83 L.Ed. 1111, 'As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'"

In the instant situation, the motion of the defendant may go to the merits of the action. That is, it involves the relationship between the parent and the subsidiary, the method of doing business between these two concerns, and whether the parent, through its subsidiary, transacts business in this State. It seems clear that these matters pertain to a consideration of factual questions and issues which should not be disposed of at a summary hearing based upon affidavits, especially where the affidavits set forth mere conclusions rather than facts which buttress the conclusions indicated. As stated, plaintiffs should be afforded a reasonable opportunity to prove by interrogatories and depositions or otherwise the factual basis upon which they rely for the jurisdiction of this Court. The Court understands that interrogatories are now being submitted by the plaintiffs. Whether in the instant case the question of jurisdiction will be so merged with a determination of the merits of the cause of action that that question must await trial, cannot be determined until the question is properly before the Court. In any event, it seems clear that, on this showing, the Court would not be justified in upholding the moving defendant's contention as to lack of jurisdiction. This is the type of case where the question of jurisdiction must await a more complete showing, either on another preliminary hearing where evidence may be taken and considered, or await the submission of the case on its merits to the Court. In view of the premises and the reasons stated, the present motion is denied without prejudice.

An exception is allowed.