**Lawrence E. BOWLING, Plaintiff,**

v.

**NABISCO, INC., a corporation, Unknown Carrier "X": and the Great Atlantic & Pacific Tea Co., Inc., a corporation, Defendants.**

**Civ. A. No. CA 77–G–0069–W.**

United States District Court, N. D. Alabama, W. D.

June 30, 1977.

Lawrence E. Bowling, pro se.

Robert B. Harwood, Jr., Rosen, Wright, Harwood & Albright, Tuscaloosa, Ala., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GUIN, District Judge.

This is a civil action for compensatory, punitive and exemplary damages, and other appropriate relief, alleging that jurisdiction is conferred upon this court by 28 U.S.C. § 1332 by virtue of damages in excess of $10,000, exclusive of interest and costs, and diversity of citizenship. The action is predicated upon alleged violations by the defendants Nabisco, Inc. and The Great Atlantic & Pacific Tea Co., Inc. (hereinafter sometimes referred to collectively as "the defendants") of "inter alia, on Alabama Code Title 2, § 306, and Title 7A, §§ 2–313 to 2–315." The gravamen of the complaint concerns the discovery and ingestion by the plaintiff of "NABISCO SHREDDED WHEAT" containing some kind of living insect, causing vomiting, soreness and pain in the stomach, waist, and abdomen, and other damages to be discussed more fully hereinafter. The cause is currently before this court on the motion for partial summary judgment filed by the plaintiff and on the amendment to defendant's answer and, in the alternative, motion for summary judgment filed by the defendants.

The court, having fully considered the motions, the pleadings, all briefs and memoranda filed in this case, the deposition of Lawrence E. Bowling, the affidavits on file in this cause, and applicable law, now makes and finds the following facts and makes the following conclusions of law:

## FINDINGS OF FACT

1. In this action, seeking compensatory, punitive and exemplary damages, and such other relief as the court may deem appropriate, the plaintiff contends that jurisdiction is conferred upon this court by 28 U.S.C. § 1332, alleging damages in excess of $10,000, exclusive of interest and costs, and complete diversity of citizenship.

2. The plaintiff, Lawrence E. Bowling, was a resident of the state of Alabama at the time the events complained of occurred. At the time he filed suit, he was a resident of Texas.

3. Defendant Nabisco, Inc., is and at all times pertinent hereto has been a New Jersey corporation, qualified to do business in Alabama. Defendant The Great Atlantic & Pacific Tea Co., Inc., is and at all times pertinent hereto has been a Maryland corporation, qualified to do business in Alabama.

4. Assuming the plaintiff's allegations of fact to be true and construing them in the light most favorable to the plaintiff, the court finds, for the purposes of considering the defendants' motion for summary judgment, that this action arose from the following fact situation:

Sometime between 4:30 and 5:00 P.M. on January 30, 1976, the plaintiff purchased a

box of Nabisco shredded wheat from the A & P grocery store in Northport, Alabama, went directly to his home, and ingested a portion of the shredded wheat. Still feeling hungry, Dr. Bowling removed a second envelope of cereal from the box and opened it. Although he had previously noticed "some brown specks" in the cereal he had just eaten, he did not discover that these specks were bugs until opening the second envelope.

A short time after this discovery, Dr. Bowling began vomiting and continued vomiting, off and on, for a period of roughly 15 minutes. He suffered from nausea for a period of hours ending sometime during the next day. He experienced soreness in his sides and stomach, which he attributed to the vomiting referred to above. (However, Dr. Bowling is not sure, as his own deposition reveals, exactly when the soreness appeared, perhaps as much as three days subsequent to the vomiting episode.) Further, Bowling attributes aggravation of a facial rash to nervous strain generated by this episode. Finally, Dr. Bowling states in his deposition that he can no longer eat shredded wheat and that he can no longer eat other foods with the pleasure he once experienced, frequently eating with a magnifying glass at his side.

Plaintiff did not consult a doctor at any time regarding the above-referenced symptoms or reactions, with the exception of the skin rash. However, the dermatologist consulted by the plaintiff several months after the episode referred to above did not confirm his diagnosis that the pre-existing skin condition was aggravated by nervous strain produced by this incident, as the plaintiff himself states in his deposition.

## CONCLUSIONS OF LAW

1. Jurisdiction in this matter is predicated upon 28 U.S.C. § 1332. That section gives the district court original jurisdiction of civil actions "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different States; . . . . .." Diversity of citizenship within the constraints of this section exists between the parties to this action.

2. In determining whether the requisite jurisdictional amount exists in a given case, one must refer to the tests articulated by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The Court established the following standard:

> The rule governing dismissal for want of jurisdiction in cases brought in the Federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. . . . But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. 303 U.S. 283 at 288, 58 S.Ct. 586 at 590, 82 L.Ed. 845 at 848. [Citations omitted.]

3. This court is well aware that the Supreme Court has dictated that this test is to be applied liberally. *See, Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). However, as the learned Chief Judge of the Fifth Circuit Court of Appeals has stated:

> This does not mean, however, that Federal Courts must function as small claims courts. The test is an objective one and, once it is clear that as a matter of law the claim is for less than $10,000.00, the Trial Judge is required to dismiss. *Burns v. Anderson*, 502 F.2d 970, 971–972 (5th Cir. 1974).

4. Without making specific statements as to its assessment of the actual value of the plaintiff's loss in this case, a review of the record before the court leads

it to a conclusion that had a jury verdict for $10,000 been returned from a trial of this cause, the court would have been compelled as a matter of law to order a remittitur. *See, Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033 (5th Cir. 1970). In such a case, this court would be forced to conclude, as the court in *Frank v. Atlantic Greyhound Corp.,* 172 F.Supp. 190 (D.D.C. 1959), that such a verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.

5. In reaching this conclusion, the court is cognizant that the Fifth Circuit Court of Appeals "has stated, explained, reiterated, stressed, rephrased, and emphasized one simple, long-established, well-publicized rule of federal procedure: a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." *Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505 (5th Cir. 1971) (Citations omitted.) Unlike the trial court in the *Plimsoll* case, this court is not basing its ruling on "bare bones pleadings" alone. Heeding Chief Judge Brown's warning concerning the soaring casualty count of premature dispositions by the trial court, as expressed in *Plimsoll,* this court has carefully reviewed the record before it in this case and concludes that it is sufficiently extensive to support a pretrial disposition of this matter. The court will not now undertake an extensive analysis of the damages the plaintiff contends he has suffered as a result of the actions, or failure to act, of the defendants in this cause in light of the authority quoted above. Suffice it to say that, assuming all of the damages plaintiff contends he has suffered are attributable to and were caused by the defendants to this cause, the plaintiff's damages are clearly insufficient to support a finding of this court that the requisite amount in controversy exists. Dr. Bowling did not lose any time from his work; it is equally clear that any pain he suffered was not of very great magnitude or lasting duration. There is no evidence in this record, which includes an extensive examination by the defendants of the plaintiff in his deposition regarding the damages he suffered as a result of ingesting the contaminated shredded wheat, that the plaintiff took any medication whatsoever. By his own testimony in his deposition, the plaintiff reveals that he suffered no special damages as a result of this incident. In view of these facts, it clearly appears to this court to a legal certainty that the amount in controversy is less than $10,000.

Accordingly, the court is compelled to deny the plaintiff's motion for partial summary judgment and to grant the defendants' motion for summary judgment. An order will be entered accordingly.