Frank SWEATT, Plaintiff,

v.

ROLLINS PROTECTIVE SERVICE COMPANY, Defendant.

Civ. A. No. CA 79–G–0092–S.

United States District Court,
N. D. Alabama, S. D.

Jan. 16, 1980.

As Amended Feb. 21, 1980.

John W. Sudderth, Somerset & Sudderth, Birmingham, Ala., for plaintiff.

Stanley D. Bynum and John R. Chiles, Bradley, Arant, Rose & White, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is a civil action for compensatory and punitive damages for breach of contract and for fraud. Plaintiff alleges that jurisdiction is conferred upon this court by 28 U.S.C. § 1332 by virtue of damages in excess of $10,000, exclusive of interest and costs, and diversity of citizenship. The action is predicated upon alleged breach of an alarm system installation contract by defendant. Plaintiff alleges that he suffered damages due to defendant's failure to install certain alarm equipment. Plaintiff further alleges that fraudulent misrepresentations were made by defendant which would warrant punitive damages.

This cause is currently before the court upon motion by defendant for partial summary judgment. Having considered the motion, the submissions of counsel, and the applicable law, the court finds that this case is due to be dismissed for lack of the requisite jurisdictional amount of $10,000.

The proof offered in this case supports a possible award of only a few hundred dollars in actual damages. Punitive damages under the fraud allegation present the only avenue to reaching the jurisdictional amount. Under the facts of this case, the court would not allow punitive damages in an amount sufficient to reach $10,000. Even if plaintiff were to convince the jury of all the wrongs alleged, the court could not allow a verdict of $10,000 or more to stand.

■ The case is based on the installation of an alarm system by defendant in plaintiff's place of business. Two robberies resulting in a loss of $1,200 to plaintiff took place subsequent to the installation of a portion of the alarm system. Plaintiff contends that defendant failed to provide certain equipment and protective services agreed to under the contract. Plaintiff further contends that defendant made fraudulent misrepresentations to him concerning the availability of the equipment to be installed. However, plaintiff has admitted signing a form approving the installation of the system which on its face shows that the disputed equipment (a money clip alarm and two interior door alarms) was ready and available to plaintiff at the time of installation. Plaintiff's fraud claim is weak at best and would certainly not support damages sufficient to meet this court's jurisdictional amount.

The court has noted contradictions between plaintiff's deposition and his later affidavit given in opposition to defendant's motion for summary judgment. The changes go to increasing the amount of damages. The court will not abide such maneuvering to attempt to bring in federal court a case which should not be brought here.

■ In determining whether the requisite jurisdictional amount exists in a given case, one must refer to the tests articulated by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The Court established the following standard:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls *if the claim is apparently made in good faith.* It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. . . . But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

303 U.S. at 289, 58 S.Ct. at 590, 82 L.Ed. at 848–49 (citations omitted; emphasis added).

This court is well aware that the Supreme Court has dictated that this test is to be applied liberally. *See, Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). However, as the learned Chief Judge of the Fifth Circuit Court of Appeals stated:

> This does not mean, however, that Federal Courts must function as small claims courts. The test is an objective one and, once it is clear that as a matter of law the claim is for less than $10,000.00, the Trial Judge is required to dismiss.

*Burns v. Anderson,* 502 F.2d 970 at 971–72 (5th Cir. 1974).

A review of the record before this court leads it to a conclusion that had a jury verdict for $10,000 been returned from a trial of this cause, the court would have been compelled as a matter of law to order a remittitur. *See, Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033 (5th Cir.

1970). In such a case, this court would be forced to conclude, as the court in *Frank v. Atlantic Greyhound Corp.,* 172 F.Supp. 190 (D.D.C.1959), that such a verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. To put it another way: there can be no doubt that the claim is made in bad faith.

In reaching this conclusion, the court is cognizant that the Fifth Circuit Court of Appeals

> has stated, explained, reiterated, stressed, rephrased, and emphasized one simple, long-established, well-publicized rule of Federal practice: a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim.

*Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505 at 506 (citations omitted). Unlike the trial court in the *Plimsoll* case, this court is not basing its ruling on "bare bones pleadings" alone. Heeding Chief Judge Brown's warning concerning the soaring casualty count of premature dispositions by the trial court, as expressed in *Plimsoll,* this court has carefully reviewed the record before it in this case and concludes that it is sufficiently extensive to support a pretrial disposition of this matter. Assuming all of the damages plaintiff contends he has suffered are attributable to and were caused by the defendant, the plaintiff's damages are clearly insufficient to support a finding of this court that the requisite amount in controversy exists. It clearly appears to this court to a legal certainty that the amount in controversy is less than $10,000.

Accordingly, the court is compelled to dismiss this case for want of jurisdiction. A separate order in conformity with this conclusion will be entered.