131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin W. PERRIERA; Larry Ryder; Laura Ryder, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 96-56025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-00862-AHS; Alicemarie H. Stotler, District Judge, Presiding.
 Before GIBSON,** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court properly granted summary judgment for Allstate. The Perrieras' son, Kevin Perriera (Kevin), breached the fraud and concealment provision of his auto insurance policy as a matter of law. See Cummings v. Fire Ins. Exchange, 202 Cal.App.3d 1407, 1416-18 (Cal.Ct.App.1988) (materiality of misrepresentations and intent to defraud can be established as a matter of law in certain cases). Kevin's refusal to assist Allstate in finding the vehicle, his repeated alteration of his story, and the several inferences of drug-related debt mixed up with the alleged car theft, indicate Kevin was holding back or misrepresenting material information. Allstate needed this information to complete its investigation and to determine whether the car was even stolen. Based on Kevin's lack of cooperation and material misrepresentations, the district court properly inferred his intent to defraud. See id at 1418. Thus, the policy was void and Allstate had no duty to pay for the alleged loss. See id. at 1418-19. The Perrieras' insistence that cooperation was not warranted because the family was being threatened by the thieves does not relieve them of the duties required by the insurance policy. See id. at 1418. Therefore, the district court's grant of summary judgment for Allstate was proper.
 
 
 3
 The Perrieras also claim the district court did not have jurisdiction, because the requested relief did not meet the $50,000 amount in controversy required by, 29 U.S.C. § 1332(a) (1994)[1] This contention is without merit, because the Perrieras' aggregated request for actual damages, attorneys' fees and punitive damages met the jurisdictional minimum. See Bell v. Preferred Life Soc'y, 320 U.S. 238, 240 (1943); Goldberg v. CPC Int'l, 678 F.2d 1365, 1367 (9th Cir.1982). Therefore, the district court had jurisdiction.
 
 
 4
 The Perrieras also contend the district court erred by relyinq on hearsay evidence. The district correctly held the contested evidence was not hearsay because it went to knowledge rather than to the truth of the matter asserted. Fed.R.Evid. 801(c); see also F.D.I.C. v. Stahl, 89 F.3d 1510, 1521 (11th Cir.1996) (transcript admissible to show defendant's knowledge of underwriting problems and not to establish underwriting problems existed); Barnes v. Prudential Ins. Co., 76 F.3d 889, 892 (8th Cir.1996) (evidence admissible to show defendant knew of plaintiff's wishes and not to prove what plaintiff's wishes were). Therefore, the district court could have properly relied on the contested evidence. Furthermore, the district court could have granted summary judgment without the contested evidence, because there was adequate uncontested evidence in the record to support its finding. The district court's grant of summary judgment is affirmed.
 
 
 5
 Appellant's motion to supplement the record is denied.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The amount in controversy requirement was increased to $75,000 in 1996. 28 U.S.C. § 1332(a) (Supp.1997). The 1996 amendment does not apply to this case