**Don SUTTER, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**AVENTIS CROPSCIENCE USA HOLDING INC., Defendant.**

No. 4–01–CV–80128.

United States District Court, S.D. Iowa, Central Division.

April 12, 2001.

Roxanne Conlin of Conlin & Associates, P.C., Des Moines, IA, Robert A. Wallner of Milber, Weiss, Bershad & Learch, LLP, New York City, for Plaintiff.

Richard J. Sapp of Nyemaster, Goode, Voights, West, Hansell & O'Brien, P.C., Des Moines, IA, Shelia L. Birnbaum and Katherine Armstrong of Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

WOLLE, District Judge.

The plaintiff, Don Sutter, alleged in his class-action lawsuit filed in state court in Iowa that the defendant, Aventis Cropscience USA Holding Inc., manufactured and distributed StarLink, a genetically engineered corn seed, that caused the collapse of the corn export market. Sutter seeks actual and punitive damages and injunctive relief. Aventis removed the lawsuit to this Court on March 1, 2001, but Sutter promptly filed his motion to remand on March 16, 2001, contending this Court lacks diversity subject matter jurisdiction because the amount in controversy is less than $75,000.

The parties submitted papers supporting their positions and the Court received oral argument on April 11, 2001.

The Court denies the plaintiff's motion to remand for the reasons stated on the record at the conclusion of the hearing, as further here explained.

## BACKGROUND

The facts, for determination of federal court jurisdiction, are necessarily taken from the state court pleadings and removal papers, and are deemed true for this purpose only.

Defendant Aventis developed, manufactured, marketed and distributed StarLink, a genetically engineered corn seed containing a bio-chemically engineered insecticidal protein known as Cry9C. Plaintiff Sutter, a farmer who grew non-StarLink corn, allegedly suffered economic damage because of StarLink's adverse affect on the corn export market.

Embedded in the DNA of StarLink is Cry9C, a protein toxic to certain insects. In 1998, the Environmental Protection Agency (EPA) mandated that StarLink corn may only be used for limited purposes, such as animal feed, because of the possible adverse health affects and allergic reactions in consumers. The EPA further required that a 660 foot buffer zone surround all StarLink crops to prevent cross-pollination with non-StarLink corn. Aventis was required to place warnings and send out informational pamphlets as further precautions.

Despite rigorous efforts to prevent human consumption of StarLink, StarLink corn was discovered in various food products, including Kraft, Mission Foods, and Safeway products. In addition, suspicion that StarLink corn had entered the corn supply caused Kellogg and ConAgra Foods to suspend operations. Tyson Foods ceased to feed StarLink corn to chickens because of the associated risks involved.

In November of 2000, the Food and Drug Administration recalled approximately 300 food products contaminated with StarLink.

As a result of the concerns surrounding StarLink corn, South Korea and Japan have refused to purchase corn from the United States, causing a sizeable collapse of the corn market.

Finally, Sutter pleads that StarLink cannot currently be sold for any purpose.

## ANALYSIS

In general, defendants may remove a civil action if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). In this case, defendant asserts jurisdiction on the basis of diversity of citizenship, with the requirement that defendant demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

 In a class action, each and every member must satisfy the amount in controversy requirement. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Those members of the class who do not meet the jurisdictional requirement must be dismissed. *See Trimble v. Asarco*, 232 F.3d 946, 960 (8th Cir.2000). If no plaintiff can meet the amount in controversy, the entire class action must be dismissed. *See id.* Courts generally look to the face of the state pleadings to determine if the amount in controversy requirement has been satisfied. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). Punitive damages, the value of injunctive relief, and attorneys fees are included as the amounts in controversy for determining whether the court has jurisdiction. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943)(holding that punitive damages must be considered when determin-

ing jurisdictional amount); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) (noting that the amount in controversy is measured by the value of the injunctive relief). But, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Trimble*, 232 F.3d at 959 (quotations and citations omitted).

Sutter contends Aventis must show by a *legal certainty* that the amount in controversy is greater than $75,000. Sutter relies on *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938), in which the Supreme Court announced that in order for a federal court to decline jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289, 58 S.Ct. 586. The Court in *St. Paul* announced this rule within the context of the typical diversity situation in which a plaintiff files the complaint in federal court and seeks damages in excess of the jurisdictional requirement.

Aventis responds that the removing party need only prove the amount in controversy by a *preponderance of the evidence*. With no Eighth Circuit case directly on point, Aventis relies on *DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.1995), where the Fifth Circuit refused to extend the holding of *St. Paul* to include situations where the plaintiff has purposely alleged damages less than the jurisdictional amount in an attempt to defeat federal jurisdiction. *See id.* at 1409. The Court reasoned that in this situation, the reverse of the typical diversity situation, the court should apply a "converse legal certainty test," with the defendant having "the burden of proving that it does not appear to a legal certainty that the claim is actually for less than the requisite amount." *Id.* For

the Court of Appeals for the Fifth Circuit, a preponderance of the evidence standard was sufficient in this situation. *See id.* at 1411.

■ The Court need not resolve the disagreement concerning the appropriate burden of proof in this case. The Court concludes that Aventis has fulfilled its burden under either the legal certainty test or the preponderance of the evidence standard. Sutter alleges that "the damage sustained by each individual class member is less than $75,000." *See* Pet. ¶ 8. But that pleaded assertion does not include the claims for punitive damages and injunctive relief. Should Sutter prove all the pleaded allegations, the Court concludes the relief against Aventis would be far in excess of $75,000 when it included the value of injunctive relief and punitive damages.

It is noteworthy, though not in itself sufficient to prove the amount in controversy, that complaints in three other putative class action lawsuits concerning nearly identical allegations against Aventis all allege damages in excess of $75,000, excluding interest and costs. *See Stine v. Aventis CropScience USA Holding, Inc.*, No. 01–106–WDS (S.D.Ill.); *Kramer v. Aventis CropScience USA Holding, Inc.*, No. C00–197–MJM (N.D.Iowa); *Furlong v. Aventis CropScience USA Holding, Inc.*, No. C01–17–MJM (N.D.Iowa). Two of the three actions involve growers of non-StarLink corn who allegedly were adversely affected by StarLink's product and conduct that damaged the corn market. Sutter and those he purports to represent are also included within the class descriptions in those federal lawsuits.

Aventis has satisfied the jurisdictional requirements based either on legal certainty test or a preponderance of the evidence requirement. The Court is convinced to a legal certainty that the amount in controversy concerning Sutter, the only sure

plaintiff at this time, exceeds $75,000, when either punitive damages or the value of injunctive relief is included, as they must be.

The Court denies the plaintiff's motion to remand.

IT IS SO ORDERED.