**Loriann ROMO, Plaintiff,**

v.

**FFG INSURANCE COMPANY, Defendant.**

**No. SACV05316DOCRNBX.**

United States District Court, C.D. California.

Nov. 7, 2005.

1238

Martin W. Anderson, Anderson Law Firm, Santa Ana, CA, for Plaintiff.

Aaron H. Jacoby, Jeffrey M. Tanzer, Whitwell Jacoby Emhoff, Beverly Hills, CA, for Defendant.

## ORDER IN RE: SUBJECT MATTER JURISDICTION

CARTER, District Judge.

On August 29, 2005, this Court issued an order to show cause re: subject matter jurisdiction; specifically with regard to the question of whether civil penalties may be included in the amount in controversy requirement for diversity jurisdiction. The parties filed simultaneous briefing on the issue on October 11, 2005. After reviewing the memoranda, the Court ordered supplemental briefing addressing whether the Court has federal question jurisdiction and whether Plaintiff is unable to satisfy the diversity amount in controversy requirement to a "legal certainty." Because the Court finds that Plaintiff has federal question jurisdiction under the Magnuson–Moss Warranty Improvement Act ("Magnuson–Moss Act" or "Act"), the Court does not reach the question of

whether the Court has diversity jurisdiction.

The Magnuson–Moss Act allows a "consumer" to bring suit when he claims to have to been "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). Plaintiff here alleges that Defendant injured her by breaching a service contract. Before subject matter jurisdiction can be invoked by the federal courts under the Act, however, a plaintiff must meet an amount in controversy requirement of $50,000. § 2310(d)(3)(B). The Act's amount in controversy excludes interests and costs. *Id.*

Plaintiff does not contest the fact that the damages she is claiming due to the alleged breach alone, approximately $20,000, do not satisfy the amount in controversy requirement under the Magnuson–Moss Act. Instead, Plaintiff argues that she meets the $50,000 cut off in either of two ways: (1) by including her estimated attorney's fees in the calculation, or (2) by including her claim for treble damages in the calculation.

With respect to any attorney's fees Plaintiff incurs in this action, the Magnuson–Moss Act does authorize an award of attorney's fees to private plaintiffs that successfully litigate under the Act. § 2310(d)(2). Plaintiff claims that her attorney's fees alone are likely to be more than the Act's amount in controversy threshold and provides the declaration of her attorney in support. *See* Decl. Martin W. Anderson, Pl.'s Resp. to OSC, Ex. 1 ¶ 5. However, it is not clear that attorney's fees can be considered in the Act's jurisdictional amount calculation. The Ninth Circuit has never decided the question. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir.2004) (acknowledging the issue but declining to address

it). Nonetheless, numerous other circuits have concluded that attorney's fees cannot be considered as part of this calculation because 15 U.S.C. § 2310(d)(3)(B) excludes "interest and costs" from the amount in controversy, and attorney's fees are "costs" for the purposes of this analysis. *See, e.g., Ansari v. Bella Auto. Group*, 145 F.3d 1270, 1271 (11th Cir.1998); *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir.1998); *Suber v. Chrysler Corp.*, 104 F.3d 578, 589 n. 12 (3d Cir. 1997); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir.1984); *Saval v. B.L. Ltd.*, 710 F.2d 1027, 1032–33 (4th Cir.1983).

However, that question need not be decided here because Plaintiff's second method of meeting the Magnuson–Moss Act's amount in controversy threshold is successful. The Court finds that Plaintiff could recover significant civil penalties under the Magnuson–Moss Act, and that these sums can be considered in the amount in controversy equation. In drafting the Magnuson–Moss Act, Congress, while providing a substantive right of action to consumers, did not specify the appropriate measure and type of damages that are available. As such, a number of courts, including the Ninth Circuit, have turned to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy. *See Kelly*, 377 F.3d at 1039 ("State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [Magnuson–Moss Warranty] Act."); *see also Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir.2004); *Boelens v. Redman Homes, Inc.*, 748 F.2d at 1069. Here, based on Plaintiff's allegations, the relevant state law appears to be the Song–Beverly Consumer Warranty Act ("Song–

Beverly Act"), Cal. Civ.Code § 1790 *et seq.*, also known as California's "lemon law."

The Song–Beverly Act authorizes civil penalties of up to two times the amount of actual damages for violations. Cal. Civ. Code § 1794(c). While these civil penalties are not punitive damages per se, the California courts have, on numerous occasions, analogized the two because both are intended to punish and deter defendants rather than compensate plaintiffs. *See, e.g., Suman v. Superior Court*, 39 Cal. App.4th 1309, 1317, 46 Cal.Rptr.2d 507 (1995); *Kwan v. Mercedes–Benz of N. Am., Inc.*, 23 Cal.App.4th 174, 184, 28 Cal. Rptr.2d 371 (1994); *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal.App.3d 218, 226–28, 220 Cal.Rptr. 712 (1985); *see also Doran v. Embassy Suites Hotel*, 2002 WL 1968166, *3–4, 2002 U.S. Dist. LEXIS 16116, *10–11 (N.D.Cal. Aug. 22, 2002); *Gibson v. Chrysler Corp.*, 1998 WL 646659, *3, 1998 U.S. Dist. LEXIS 11343, *7–8 (N.D.Cal. July 20, 1998). This Court similarly believes that the Song–Beverly civil penalties are akin to punitive damages and ought to be treated the same for the purposes of this analysis.

■ In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Brady v. Mercedes–Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D.Cal.2002) (holding that Song–Beverly Act's civil penalties should be included in amount in controversy requirement for diversity jurisdiction). There is nothing in the text of the Magnuson–Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332. As such, in this case, when the civil damages authorized by the Song–Beverly Act are combined with the actual damages alleged, the composite sum satisfies the Magnuson–Moss Act jurisdictional requirement.

■ Defendant argues that the Ninth Circuit held in *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034 (9th Cir.2004), that state "lemon law" statutes like the Song–Beverly Act cannot support jurisdiction under the Magnuson–Moss Act. Def.'s Supplemental Resp. to OSC 4:22–5:7. However, Defendant has conflated two separate lines of analysis from *Kelly*. The Ninth Circuit did hold that the Magnuson–Moss Act itself does not authorize punitive damages. *Kelly*, 377 F.3d at 1039. However, the *Kelly* court continued on to clarify that, notwithstanding this fact, the underlying state law could provide a punitive damages remedy. *Id.* ("State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [Magnuson–Moss] Act."). The problem facing the plaintiffs in *Kelly* was that they could not meet the Magnuson–Moss Act's amount in controversy requirement without the inclusion of their punitive damages claim. *Id.* However, the Ninth Circuit found (and plaintiffs actually conceded) that Oregon's state law provided no authorization for an award of punitive damages. *Id.* ("The Kellys concede that Oregon law would not sustain a punitive award for breach of warranty . . . ."). That is not the situation we face here. California law, which is the relevant state law in the case

at bar, does provide for civil penalties that are akin to punitive damages under the Song–Beverly Act. As such, *Kelly's* holding does not govern here.

■ At oral argument on November 7, 2005, Defendant argued that Plaintiff cannot recover civil penalties under the Magnuson–Moss Act because the Song–Beverly Act does not cover used vehicles. *See Gavaldon v. DaimlerChrysler Corp.,* 32 Cal.4th 1246, 13 Cal.Rptr.3d 793, 90 P.3d 752 (2004). While the Court agrees with Defendant that the Song–Beverly Act has a different substantive scope than the Magnuson–Moss Act, there is nothing to support the notion asserted by Defendant that the Magnuson–Moss Act adopts the substance of underlying state law in addition to the scope of remedies. Defendant does not provide any case support for this line of reasoning, nor has the Court uncovered any. Furthermore, such an approach seems logically improbable as well, given that the reason courts have looked to state law for guidance on remedies under the Magnuson–Moss Act is because Congress chose not to include remedial provisions in the Act. By contrast, Congress did provide for a substantive right of action in the provisions of the Act, and it would frustrate congressional purpose to circumscribe the scope of that protection because state law is less expansive.

Accordingly, based on Plaintiff's allegations in the Complaint, the Court is satisfied that federal question jurisdiction exists in this suit. The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The Order to Show Cause is therefore discharged.

IT IS SO ORDERED.