12-3938-cv
*Pensionsversicherungsanstalt v. Phillip L. Greenblatt et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### AMENDED
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fourteen.

PRESENT:   RICHARD C. WESLEY,
                      PETER W. HALL,
                      DENNY CHIN,
                                  *Circuit Judges.*

_____

PENSIONSVERSICHERUNGSANSTALT,

        *Plaintiff-Counter-Defendant-Appellee,*

                              -v.-                                        12-3938-cv

PHILLIP L. GREENBLATT,

        *Defendant-Cross-Claimant-Cross-Defendant-Appellant,*

SONJA ROSENBAUM, INDIVIDUALLY AND AS DISTRIBUTEE OF THE ESTATE OF ALPHONS ROSENBAUM,

*Defendant-Counter-Claimant-Cross-Defendant*,

ESTATE OF ROSE EISINGER, GLADYS ROBINSON,

*Defendants*.

FOR APPELLANT: Thomas A. Cullen, Burke, Scolamiero, Mortati & Hurd, LLP, Albany, NY.

FOR APPELLEE: Stephen M. Harnik, Harnik Law Firm, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Frederick Block, *Senior District Judge;* Tucker L. Melançon, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the United States District

Court for the Eastern District of New York is **AFFIRMED**.

On February 20, 2013, the United States District Court for the Eastern

District of New York (Melançon, *J.*) entered an amended judgment in favor of

appellee Pensionsversicherungsanstalt ("Pva") against appellant Phillip L.

Greenblatt ("Greenblatt") and co-defendant Sonja Rosenbaum. Greenblatt's

present appeal challenges a February 5, 2010 denial of Greenblatt's Fed. R. Civ. P.

2

56 motion for summary judgment and an August 23, 2011 denial of Greenblatt's

Fed. R. Civ. P. 12(c) motion to dismiss on the pleadings. We assume the parties'

familiarity with the underlying facts, procedural history, and issues for review.

After trial, appellants ordinarily may not challenge the denial of a

summary judgment motion premised on a finding that genuine issues of material

fact exist. *See, e.g., Ortiz v. Jordan*, 131 S. Ct. 884, 889 (2011); *Pahuta v. Massey-*

*Ferguson, Inc.*, 170 F.3d 125, 130 (2d Cir. 1999). Here, although Greenblatt alleges

that the district court failed to follow Rule 56.1(d), conceivably a legal claim, the

argument effectively reduces to a sufficiency challenge based on the claim that

Pva failed to submit admissible evidence sufficient to create a genuine issue of

material fact. Because the issues raised in the motion for summary judgment

were fully tried before a jury, we will not review the district court's decision to

deny Greenblatt's motion for summary judgment.

In any event, Greenblatt's argument in this regard is without merit. Local

Rule 56.1(d) mandates that "each statement . . . must be followed by citation to

evidence which would be admissible," a standard that Pva failed to meet in

multiple instances. However, nothing requires a district court to deem evidence

admitted, or grant summary judgment, simply because a non-movant fails to

3

comply with local rules such as Local Rule 56.1. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). The district court therefore did not abuse its discretion in denying Greenblatt's motion for summary judgment.

Greenblatt also argues that the district court erred in denying his motion for judgment on the pleadings. Specifically, Greenblatt alleges that the court lacked subject matter jurisdiction because Pva failed to satisfy the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a).

To determine whether the amount in controversy requirement is met, "we measure the amount in controversy as of the date of the complaint." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003); *see also Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed – the 'time-of-filing' rule."). And because subject matter jurisdiction cannot be ousted once it has attached, "affirmative defenses asserted on the merits may not be used to whittle down the amount in controversy." *Scherer*, 347 F.3d at 397

4

(internal quotation marks and citation omitted); *see also Wolde-Meskel*, 166 F.3d at 62 ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.") (internal quotation marks and citation omitted).

The Complaint sought "not less than EUR 109,247.13" from Greenblatt and Robinson "jointly and severally." Although Pva "titled its claim against Greenblatt in the Complaint as 'conspiracy to commit fraud,'" the district court properly determined that "the claim was essentially a claim for fraud." *Pensionsversicherungsanstalt v. Estate of Rose Eisinger*, 07-5300 TLM, 2011 WL 3794064, at *3 (E.D.N.Y. Aug. 23, 2011). Interpreted as an adequately pled claim for fraud, the amount in controversy as to Greenblatt was met; because the Complaint did not specify the damages that arose between August 1999 and February 2005 – the period of Greenblatt's liability – the maximum award against Greenblatt was uncertain. *Cf. Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

And even were the damages attributable to Greenblatt less than $75,000 to a legal certainty, which the Second Amended Complaint may suggest,[1] the district court properly determined that the amount in controversy was satisfied given the Complaint's request for punitive damages. Under New York law, punitive damages are recoverable when a plaintiff establishes that the "defendant's wrongdoing is not simply intentional but evinces a high degree of moral turpitude." *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 489 (2007) (internal quotation marks and alteration omitted). Because a punitive award could have increased damages beyond the $75,000 threshold, the court properly denied Greenblatt's 12(c) motion. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Tongkook*, 14 F.3d at 785.

We have considered Greenblatt's remaining arguments and find them to be without merit. For the reasons stated above, the judgment and prior rulings of the District Court are **affirmed**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The Second Amended Complaint sought €42,955 from Greenblatt. On December 18, 2007, the date Pva filed the Complaint, €42,955 converted to roughly $61,850.00, an amount clearly less than the $75,000 threshold.