**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN DURAN,

        Plaintiff - Appellant,

v.

MARATHON ASSET
MANAGEMENT, LP, a Delaware
limited partnership,

        Defendant - Appellee.

No. 14-2067
(D.C. No. 1:13-CV-00403-MCA-KBM)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Steven Duran's limited liability company turned to Marathon Asset

Management in the hope of securing a $15 million loan. Marathon agreed to

consider granting the loan in return for a $75,000 good faith deposit to be "used

for due diligence expenses, third party reports[,] . . . legal fees," and the like. Mr.

Duran advanced the money from his own funds and Marathon soon got to work.

_____

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

At the end of it all, though, the parties couldn't agree on terms for the loan — or, after that, on just how much of the deposit should be refunded.

It's that dispute that led to this one. Mr. Duran filed suit in New Mexico state court seeking return of the deposit and punitive damages. Marathon responded by removing the case to federal district court based on diversity of citizenship and promptly seeking dismissal. In support of its motion to dismiss, Marathon pointed to the forum selection clause in its agreement with Mr. Duran's company, which indicated that any dispute would be referred to New York state courts. Marathon argued, too, that the agreement bound not just Mr. Duran's company but Mr. Duran as well. With all this the district court agreed and it soon dismissed the case.

On appeal, Mr. Duran begins by challenging the district court's assertion of diversity jurisdiction. He notes that his suit seeks recovery of only *some* (unspecified) portion of the $75,000 deposit — and so, he argues, it doesn't involve the magic amount necessary to trigger federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). But, as the district court noted, Mr. Duran seeks not just a refund of (some of) the deposit but punitive damages as well, damages we must consider when determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Neither does Mr. Duran dispute that when punitive damages are considered he seeks more than $75,000 in total. And with this we can safely say Marathon has carried its burden to establish sufficient

facts to warrant the district court's exercise of diversity jurisdiction. *See generally Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).

Next, Mr. Duran complains about a district court order asking the parties to file simultaneous briefs on the potential impact of a Supreme Court decision issued during the pendency of Marathon's motion to dismiss. But orders like this are perfectly pedestrian. *See, e.g.*, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, *Inc.*, 508 U.S. 439, 444, 447-48 (1993). To be sure, Mr. Duran acknowledges this much and argues only that in this particular case he was given too little notice, not enough space, and no real chance to respond to Marathon's arguments. But we see no abuse of discretion in the district court's decision in this case to limit the parties to ten pages each and to ask them to file their briefs concurrently. For the task put to them was both relatively narrow and clear: advise the court how a single intervening judicial decision affected Marathon's contention that the parties' forum selection clause required dismissal. Indeed, this court frequently issues orders just like this one and we can hardly fault the district court for following a practice we ourselves find adequate to the task. *See, e.g.*, *Church v. Sullivan*, 942 F.2d 1501, 1517 n.13 (10th Cir. 1991).

Issues of jurisdiction and briefing aside, we come now to the heart of the matter: Mr. Duran's challenge to the district court's decision to dismiss his complaint. Here we find it difficult to tell precisely what his complaints are but we can tease out two clearly enough to permit our review. First, he faults the

district court for applying New York (and not New Mexico) law to his case. But he never addresses the district court's conclusion that its decision would be the same under either state's (largely identical) law of contract formation, so we cannot see here any error that might be anything more than harmless. Second, he suggests the forum selection clause doesn't control this case because the parties never reached a binding agreement of any kind — and they didn't, he argues, because he issued a counter-offer that Marathon rejected. But in his own complaint Mr. Duran alleges that Marathon *accepted* the counter-offer and on a motion to dismiss the district court was surely within its rights to accept the complaint's allegation as true. *See* Aplt. App. at 13 ¶ 17. In saying this much, of course, we do not mean to pass on the question whether Marathon breached the parties' agreement by expending as much as it did in its due diligence efforts. We mean only to note that the briefs before us suggest no ground for reversing the district court's conclusion that a binding agreement exists with a forum selection clause specifying New York as the appropriate venue for deciding disputes like that one.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge