**APPLERA CORPORATION and Roche Molecular Systems, Inc., plaintiffs,**

v.

**MJ RESEARCH INC. and Michael and John Finney, defendants.**

**No. 3:98 CV 1201 JBA.**

United States District Court,
D. Connecticut.

Jan. 27, 2004.

See also 292 F.Supp.2d 348.

Asim Varma, David Gersch, Arnold & Porter, Washington, DC, James Sicilian, Day, Berry & Howard–Htfd–CT, Hartford, CT, Jennifer Gordon, Orrick, Herrington & Sutcliffe, New York, NY, Jennifer K. Lawson, Day, Mario R. Borelli, Berry & Howard, Hartford, CT, Michael J. Klyce, Jr., Arnold & Porter, Washington, DC, Edward R. Reines, Weil, Gotshal & Manges, Redwood Shores, CA, John Josef Molenda, Patrick J. Hoeffner, Orrick, Herrington & Sutcliffe, New York, NY, Sharon Yang, James T. Shearin, Pullman & Comley, Bridgeport, CT, for Plaintiffs.

Albert L. Jacobs, Jr., Gerard F. Diebner, Joseph M. Manak, Greenberg Traurig, New York, NY, C. Allen Foster, Kevin E. Stern Greenberg Traurig, LLP Washington, DC, Daniel A. Ladow, Graham & James, New York, NY, Donna Nelson Heller, Finn, Dixon & Herling, Harold Bolton Finn, III, Patrick J. McHugh, Finn, Dixon & Herling, Stamford, CT, John E. Beerbower, Cravath, Swaine & Moore, New York, NY, Joseph B. Darby, III, Greenberg & Traurig, Boston, MA, for Defendants.

Daniel A. Ladow, Graham & James, New York, NY, Patrick J. McHugh, Finn, Dixon & Herling, Stamford, CT, for Counter Claimant.

James T. Shearin, Pullman & Comley, Bridgeport, CT, for Counter Defendant.

## Ruling on Defendants Michael Finney and John Finney's Motion for Partial Summary Judgment on Plaintiffs' Inducement of Infringement Claims [Doc. # 733]

ARTERTON, District Judge.

Defendants Michael and John Finney (the "Finneys") move pursuant Fed. R.Civ.P. 56 for partial summary judgement on plaintiffs' claim that the Finneys have knowingly and actively induced defendant MJ Research Inc.'s ("MJ") inducement of others' infringement of U.S. Patents 4,683,202 (the " '202 Patent"), 4,683,195 (the " '195 Patent"), 4,965,188 (the " '188 Patent"), and 5,656,493 (the " '493 Patent"). See Am. Compl. [Doc. # 500] ¶ 43 ("Michael and John Finney have knowingly and actively assisted in and induced MJ's inducement of others to infringe the '202 Patent, the '195 Patent, the '188 Patent, and the '493 Patent"). MJ's motion is based on its view that no cause of action has been recognized for inducing inducement of infringement, and thus corporate officers Michael and John Finney cannot be found liable for inducing their corporation MJ Research, Inc. to induce third parties, namely customers, to infringe plaintiffs' patents. For the reasons set forth below, the Finneys' motion [Doc. # 733] is DENIED.

### I. Finneys' Motion

Because the Finneys' motion raises solely a legal claim that plaintiffs' amended complaint fails to state a cause of action, it will be treated as one made pursuant to Fed.R.Civ.P. 12(b)(6). See 10A Wright, Miller, and Kane, Federal Practice and Procedure: Civil 3d § 2722, at 368 (1998 & Supp.2003) ("... [I]f the [summary judgment] motion is made solely on the basis of one or more pleadings, it is equivalent to a motion under Rule 12(b)(6) for a dismissal for failing to state a claim for relief or

under Rule 12(c) for a judgment on the pleadings and should be treated as such." (citing cases)). Thus understood, the Finneys' motion is considered timely, *see* Fed. R.Civ.P. 12(h)(2)("[a] defense of failure to state a claim upon which relief can be granted ... may be made ... at the trial on the merits"), notwithstanding its denomination as a motion for "summary judgment" unrelated to the Claim Construction, *see* Tr. [Doc. # 725] at 15:21–16:1; Order [Doc. # 718] ¶ 2.

## II. Fed.R.Civ.P. 12(b)(6) Standard

When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").

## III. Discussion

### A. Parties' Arguments

The Finneys construe plaintiffs' amended complaint, other than paragraph 43, only to claim that the Finneys induced MJ's direct infringement of the patents in suit, and not to allege that the Finneys themselves directly infringed or induced a customer or third party to infringe any of the patents in suit. *See* Mem. in Supp. [Doc. # 743] at 2.[1] The Finneys acknowledge that a corporate officer can be held personally liable under 35 U.S.C. § 271(b) for inducing the corporation's direct infringement of a patent but maintain that the cases supporting that rule do not extend to personal liability of the corporate officer who actively aids and abets the corporation to induce others' direct infringement. *See* Reply [Doc. # 863] at 2 ("[A]ll relevant cases cited by plaintiffs stand for the proposition that a corporate officer can be held personally liable for inducing his or her corporation's *direct infringement,* and not for his or her corporation's inducement of infringement.")(emphasis in original).

Plaintiffs' opposition contends that not only do they seek to hold the Finneys personally liable for MJ's inducement of third party customers to infringe the plaintiffs' PCR process patents, but also seek to hold the Finneys liable for "acts that they personally and actively participated in, which caused third parties to perform PCR and thus infringe plaintiffs' patents." Opp'n [Doc. # 795] at 2. "Thus, Plaintiffs' claim against the Finneys is one of induced infringement, and, as joint tortfeasors, the Finneys are jointly and severally liable with MJ for the infringing acts of customers who perform automated PCR on MJ thermal cyclers without a license." *Id.* Although the Finneys' claim is only one challenging legal sufficiency, it is styled as a motion for partial summary judgment and thus plaintiffs submitted evidentiary materials purporting to demonstrate, among other things: 1) MJ's inducing customers to infringe plaintiff's PCR process patents; 2) the Finneys' complete ownership and absolute control of MJ; and 3) the Finneys active participation in, di-

---

1. An identical memorandum was filed as Doc. # 750.

rection, and control of MJ's design, marketing, and sale of thermal cyclers adapted for PCR use with the knowledge that customers would use MJ's thermal cyclers to perform PCR without a license, including developing of marketing materials, instructing the sales force to inform customers that MJ's thermal cyclers are adapted for PCR use, encouraging MJ's customers to practice PCR without a license and instructing the sales force to do the same, and making sales calls to customers. *See id.* at 2–6. The Court's analysis need only consider whether such facts can as a matter of law be legally sufficient to state a claim for induced infringement against the Finneys under 35 U.S.C. § 271(b).[2]

### B. 35 U.S.C. § 271(b)

Section 271(b) provides, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "The tort of 'inducement' under 35 U.S.C. § 271(b), when applied to invoke personal liability, is premised on a concept of tortfeasance whereby persons in authority and control may in appropriate circumstances be deemed liable for wrongdoing, when inducing direct infringement of another." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed.Cir.1996). Thus,

> corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil.... The alleged infringer must be shown, however, to have *knowingly* induced infringement.... It must be established that

the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement. The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements.

*Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990)(emphasis in original); *see also Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed.Cir.1996). MJ groups allegations that the Finneys "induced inducement" by MJ with allegations that the Finneys "actively assisted" and "encouraged" MJ to induce others' infringement as all encompassing conduct for which the Finneys cannot be held legally liable. *See* Reply [Doc. # 863] at 2. However, nothing in § 271(b), which prohibits active inducement of infringement, requires that actionable conduct be limited to inducing one's corporation's direct infringement. Corporate officers like the Finneys could induce an end user's direct infringement of a patent either through direct contact with that customer or by intentionally directing the actions of a corporation and its agents whom they control to achieve the same result. So long as proof of direct infringement is causally connected to the Finneys' conduct, the interposition of a controlled intermediary does not necessarily relieve a corporate officer of liability as an infringer for actively inducing patent infringement.

Federal Circuit holdings support this conclusion. In *Water Techs. Corp. v. Cal-*

---

2. To the extent Applera's pleading failed to particularize facts similar to those now asserted in opposition to summary judgment, MJ's options were to move under Fed.R.Civ.P. 12(e) for a more definite statement or to utilize the discovery process to pin down Appl- era's precise factual claims and thereby develop the record from which to demonstrate the lack of evidence in support of Applera's claims by motion for summary judgment. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

*co, Ltd.*, 850 F.2d 660, 664, 668–69 (Fed. Cir.1988), the Federal Circuit affirmed the district court's finding that a corporation's consultant was liable under § 271(b) for inducing the public's direct infringement of a patent by causing the corporation to sell a patented product with method of use instructions that infringed the patent. The consultant had exerted control over the corporation's manufacture of the product, had tested it, had helped the corporation obtain EPA approval for it, and had written the method of use instructions with which it was sold.[3] *See also Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed.Cir.1986)(stating "[t]he cases are legion in which courts have recognized and imposed personal liability on corporate officers for participating in, inducing, and approving acts of patent infringement" and upholding jury imposition of personal liability on corporate officers for their corporation's *contributory infringement* ).

## IV. Conclusion

Accordingly, plaintiffs' having stated a claim for the Finneys' violation of § 271(b) in paragraph ¶ 43 of the amended complaint, the Finneys' motion for partial "summary judgment" [Doc. 733] is DENIED.

IT IS SO ORDERED.

---

**3.** This holding was not based on the consultant's own "de minimus" distribution of the product. *See Water Tech.*, 850 F.2d at 668 ("We need not address the issue of his direct infringement because ... we affirm the finding that he induced Calco's direct infringement and direct infringement by the public.").