*People's Club of Nigeria Int'l v. People's Club of Nigeria Int'l – N.Y. Branch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty.

PRESENT:  PETER W. HALL,
          JOSEPH F. BIANCO,
                    *Circuit Judges.*
          TIMOTHY STANCEU,*
                    *Judge.*

———————————————————————

Peoples Club of Nigeria International, Inc.,

      *Plaintiff-Appellant*,

      v.                                    19-883

---

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

1

Peoples Club of Nigeria International – New York Branch, Inc., Peoples Club of Nigeria Princeton Branch, Inc., Godfrey R. Ajoku, Francis Owoh, Polycarp Z. Ubah,

*Defendants-Appellees*,

People's Club of Nigeria International – New York Chapter, Inc., People's Club of Nigeria, Princeton Junction Branch, Inc.,

*Defendants*.

_____

| | |
|---|---|
| For Appellant: | DANIEL J. KRISCH, Halloran & Sage LLP, Hartford, Connecticut. |
| For Appellees: | ERIN K. FLYNN, Clair & Gjertsen, White Plains, New York. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**.

People's Club of Nigeria International, Inc. ("People's Club") appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) entered on April 2, 2019, dismissing People's Club's amended

complaint for failure to allege sufficient damages to meet the $75,000 amount in controversy requirement for diversity jurisdiction. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to vacate.

I.

All factual allegations are taken from the amended complaint, and we assume these factual allegations to be true for the purposes of this appeal. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). They are as follows:

Pursuant to a Memorandum of Understanding ("MOU") between the parties, Appellant, the Connecticut branch of the International People's Club of Nigeria, was slated to host a regional induction ceremony in 2018. Appellees—the New York and Princeton, New Jersey branches of that organization, their chairmen, and the Princeton chair emeritus—conspired to breach the MOU and "disrupt, disorder, and coopt the Ceremony" by inviting individuals on the organization's listserv to attend a rival induction ceremony taking place on the same day as Appellant's ceremony. J. App. at 63. Appellant sought an injunction

3

to prevent Appellees from hosting the rival ceremony and sought damages for breach of contract, detrimental reliance, tortious interference with contracts, and breach of the duty of good faith and fair dealing. Appellees thereafter moved to dismiss for lack of subject matter jurisdiction on the basis that the amount in controversy does not exceed $75,000.

Before the deadline for completing discovery had passed, the district court dismissed the amended complaint, holding that Appellant failed to satisfy the amount in controversy requirement because it did not show to a "reasonable probability" that recoverable damages would pass the $75,000 threshold necessary to invoke diversity jurisdiction. *Id.* at 139. The district court found the compensatory damages alleged by Appellant to be functionally capped at roughly $29,600: $24,000 for the breach of the MOU and $5,600 for lost revenue from what would have been advertisement purchases made by inductees of the rival induction ceremony and ticket purchases by those inductees' supporters. The district court explained that allegations of lost revenue from advertising, ticket sales, and raffle sales, allegations of reputational harm, and allegations of threats to Appellant's continued existence were "too speculative to meet the amount in controversy requirement." *Id.* The district court also wrote that Appellant "alleges

4

no factual allegations to support its claim for punitive damages," and that even if those damages were not conclusory, whether there would be an award of punitive damages and in what amount were "pure speculation." J. App. at 140. The district court did not explicitly analyze whether Appellant's claim for tortious interference with contracts and the underlying allegations could support an award of punitive damages, an omission Appellant challenges on appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review de novo a district court's subject matter jurisdiction determination." *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 275 (2d Cir. 2006).

## III.

For diversity jurisdiction to attach, a plaintiff must assert a claim for damages that meets the amount in controversy requirement "to a reasonable probability," but "we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). Our caselaw is clear that "the sum claimed by the plaintiff controls if the claim is apparently made in *good faith*" and that

5

dismissal is appropriate only if the legal impossibility of recovering above the threshold amount is "so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Tr. Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996) (internal quotation marks omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed."). "If the right of recovery is uncertain, the doubt should be resolved . . . in favor of the subjective good faith of the plaintiff." *Tongkook Am. v. Shipton Sportswear Co.*, 14 F.3d 781, 785-86 (2d Cir. 1994) (internal quotation marks omitted); *see also Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("[E]ven where [plaintiff's] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted."). The "legal certainty" inquiry is "analyzed by what appears on the face of the complaint." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

We think the district court erred in dismissing the case. While we are persuaded by Appellant's argument that the district court undercounted the compensatory damages available to it by erroneously ignoring an additional

$5,200 in damages for unpurchased advertisements and an unspecified amount of lost revenue from raffle ticket sales, we are not convinced that the addition of these damages would be sufficient to confer jurisdiction. We do, however, think that available punitive damages could push Appellant's recovery over the jurisdictional threshold.[1]

It is well settled that "[w]here both actual and punitive damages are recoverable under a complaint[,] each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *see also A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."). Punitive damages available under state law can help a plaintiff meet the jurisdictional requirement even where they make up the bulk of the amount in controversy. *See, e.g.*, *Bell*, 320 U.S. at 240 (holding that, even where petitioner is limited to $1,000, jurisdictional threshold of $3,000 may be met by punitive damages); *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221-22 (2d Cir. 2006) (adopting reasoning of district

---

[1] If, at the conclusion of this case, Appellant is adjudged entitled to less than $75,000, the district court may impose costs on Appellant. *See* 28 U.S.C. § 1332(b).

7

court that amount in controversy requirement was met because New York law allowed punitive damages even where there are only nominal compensatory damages, and plaintiff could theoretically recover over $75,000 in punitive damages). But, "in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972).

In Connecticut, a plaintiff may recover punitive damages for a tortious interference claim. *See, e.g., Beacon Ins. & Inv. Grp., LLC v. Panzo*, No. CV146044992S, 2016 WL 4507389, at *17 (Conn. Super. Ct. July 25, 2016). "A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct." *Landmark Inv. Grp., LLC v. CALCO Const. & Dev. Co.*, 318 Conn. 847, 864 (2015) (internal quotation marks omitted). A party can prove that a given interference was tortious by showing "that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." *Id.* at 868 (internal

8

quotation marks omitted). The "malice" that must be demonstrated is "intentional interference without justification," and whether or not interference is tortious is a question of fact for the jury. *Id.* at 869. Entitlement to punitive damages for such a claim arises where "the defendant exhibited a reckless indifference to the rights of others or an intentional and wanton violation of those rights." *Id.* at 878 (internal quotation marks omitted).

Read in the light most favorable to Appellant, the amended complaint has alleged facts sufficient to support a claim under Connecticut law for tortious interference with Appellant's contracts with various vendors, and, if the jury were persuaded, that the tortious conduct would entitle Appellant to punitive damages. Paragraph 18 of the amended complaint pleads that "defendants gave specific and unambiguous authorization to the plaintiff to undertake the necessary expenditures for the conference, including guaranteed lodging commitments, international travel arrangements, ad book sales and production, and marketing." J. App. at 62. These allegations support the first two prongs of a tortious interference claim: the existence of contractual relationship with vendors and the defendants' knowledge of those contracts. Paragraph 20 of the amended complaint alleges that defendants "surreptitiously conspired to . . . disrupt,

disorder, and coopt the Ceremony," *id.* at 63, thereby intentionally interfering with the contractual relationships of which they were aware and potentially demonstrating, at the very least, the reckless indifference necessary to support an award of punitive damages. Whether the interference alleged was tortious is a question of fact for the jury, but the allegations permit the inference that Appellees acted maliciously. And finally, Appellant alleges a loss from this interference in terms of "financial harm, and significant prospective financial harm from its inability to meet lodging and other logistical guarantees." *Id.* at 63-64. Even given the more stringent standard by which we analyze whether punitive damages are available to meet the jurisdictional threshold, *see Zahn*, 469 F.2d at 1033 n.1, we are unable to say that it is a "legal certainty" such damages are unavailable or are so small that they cannot push Appellant over the jurisdictional line. *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. It was error, therefore, to dismiss the amended complaint for lack of jurisdiction.

\* \* \*

10

We have considered Appellant's remaining arguments and find them to be without merit.  We **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court